4-4698

JUN 13 2025 PM12:04
FILED-USDC-NDTX-FW
mw

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISON

|  |  |  |
|---|---|---|
| CARLTON TATUM, | § § § § | |
| Plaintiff, | § § | Case No.: |
| v. | § § § | 4-25CV-619-0 |
| BETTER DEBT SOLUTIONS LLC, a California Limited Liability Company | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.      Plaintiff CARLTON TATUM ("Plaintiff") is a natural person, resident of the Northern District of Texas, and was present in Texas for all calls, in this case in Fort Worth County, Texas.

2.      Defendant BETTER DEBT SOLUTIONS LLC ("BDS" or "Defendant") is a limited liability company organized and existing under the laws of California and can be served via its registered agent Nima Asadi, Esq., 19200 Von Karman Ave, Suite 600, Irvine, California 92614.

### JURISDICTION AND VENUE

1

3.     Jurisdiction.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4.     This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation. Defendant purposefully sent calls into Texas despite having no business relationship with Plaintiff.

    a.   Defendant target Texas when marketing debt elimination and regularly conducts business in this District, including telephone solicitation.

    b.   Defendant purposefully sent phone calls to Plaintiff's Houston area phone number with area code 832 to generate leads for Defendants.

    c.   Defendant purposefully spoofed Texas area code phone numbers when placing calls to Plaintiff.

    d.   The purposeful calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction.  *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

5.     Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims, the calls and sale of goods and services directed at Texas residents, including the Plaintiff, occurred in this District and because the Plaintiff resides in this District.  He was residing in the Northern District of Texas when he received a substantial, if not every phone call from Defendant, which is the subject matter of this lawsuit.

6.      This Court has venue over Defendant because the calls at issue were sent by or on behalf of the above-named Defendant to Plaintiff, a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7.      In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse.* Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)A)(iii).

9.      The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message with the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(b).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.     Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand.47 U.S.C. § 227(c); 47 C.F.R. §64.1200(d)(1).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.    According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.    The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 19 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.    The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:{A} consumer's written consent to received telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.    The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under the federal common law principles of agency for violation of

either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.     Under the TCPA, a text message is a call. *Scatterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951-52 (9th Cir. 2009).

19.     A corporate officer involved in telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason,* Case No. 10-100-10, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("{M}any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated that statue." (initial quotation marks omitted)); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.)

## FACTUAL ALLEGATIONS

20.     Plaintiff received a series of phone calls from varies telephone numbers to his cellular phone ending in 8319 soliciting debt elimination products and services.

21.     On November 11, 2024, Plaintiff received a phone call containing a prerecorded message soliciting debt elimination services from telephone number 502-824-0432. Plaintiff was instructed to "press one" to be connected to a live agent.

22.     Plaintiff, annoyed and frustrated, went through the phone call to ascertain the identity of who was responsible for placing prerecorded messages to his cellular phone. Plaintiff was connected to "Jose Radilla" who sent him an email while on the phone call from email address jradilla@betterdebtsolutions.com, which confirmed the identity of the Defendant.

23.     Plaintiff instructed Mr. Radilla that Plaintiff would contact Mr. Radilla back if interested and asked to not be called back.

24.     On November 15, 2024, Plaintiff received a phone call from telephone number 949-767-5561 and was connected directly to the Defendant's agent "Tim Bishop." During the phone call, Mr. Bishop sent Plaintiff "Pre-Approval Detail Plan" from Defendant from email address tbishop@betterdebtsolutions.com.

25.     Defendant BDS participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful telemarketer's calls while knowing facts that required a reasonable person to investigate further and approved and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful solicitation calls.

26.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

27.     No emergency necessitated the calls.

28.     Plaintiff's privacy has been violated by the prerecorded telemarketing calls above.

29.     Plaintiff never provided his consent or requested these calls.

**VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101**

30.     Defendant initiated the phone calls alleged herein and is a "seller" under the Texas Business and Commerce Code because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

31.     Under TCBB 302.302 "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation."

32.      The actions of Defendant violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

33.      Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

34.      The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

35.      Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

36.      Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

37.      Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

38.      Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

39.      Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

40.      Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

**PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER**

41.      The calls made to Plaintiff's cellular phone is Plaintiff's personal cell phone that he uses for personal reasons. Plaintiff primarily relies on cellular phones to communicate with friends and family. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purposes.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF THE TCPA "ROBOCALLS" TO CELLUAR TELEPHONE, 47 U.S.C. § 227(b)(1)(A)**

42.      Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-41.

43.      The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent.

44.      Plaintiff entitled to an award of at least $500 in damages for each and every violation, pursuant to 47 U.S.C.227 (b)(3)(B).

45.      Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. 227 (b)(3).

46.    Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

**SECOND CLAIM FOR RELIEF:**
**VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE 302.101**
**FAILURE TO OBTAIN A TELEPHONE SOLICITATION REGISTRATION CERTIFICATE**

47.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-46.

48.    Defendant and/or their affiliates or agents made at least two (2) solicitation sales call to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

49.    As a result of Defendant and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

50.    As a result of Defendant and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees. Tex. Bus. and Com. Code 302.302(d).

**THIRD CLAIM FOR RELIEF:**
**(VIOLATION OF THE TCPA "SALES CALL/DNC" PROHIBITION, 47 U.S.C. § 227(C) ET SEQ.)**

51.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-50.

52.    Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the telephone calls described above, in the amount of $500.00 per call.

9

53.      Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

54.      As a result of Defendants' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

55.      Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLTON TATUM prays for judgment against the Defendant jointly and severally as follows:

a.  Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

b.  A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

c.  An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

d.  An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for three (3) calls.

10

e. An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for two (2) calls.

f. An award to Plaintiff of damages, as allowed by law under the TCPA;

g. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

h. Such further relief as the Court deems necessary, just, and proper.

Dated: June 13, 2025                                                    Respectfully submitted,

Carlton Tatum
Plaintiff, Pro Se
1804 Deer Crossing Dr.
Arlington, Texas 76002
832-316-8319
carltontatumm@gmail.com

### i.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 13, 2025

Carlton Tatum
Plaintiff, Pro Se
1804 Deer Crossing Dr.
Arlington, Texas 76002
832-316-8319
carltontatumm@gmail.com

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carlton Tatum, Pro Se

### DEFENDANTS

Better Debt Solutions LLC

**(b)** County of Residence of First Listed Plaintiff   Forth Worth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
1804 Deer Crossing Dr., Alrington, TX 76002
832-316-8319

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 | U.S. Government Defendant | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☒ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC Section 227

Brief description of cause:
Violtation of TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
14,500

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____